# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3983

_____

Mickeal White,                          *
                                        *
            Appellant,                  *    Appeal from the United States
                                        *    District Court for the
      v.                                *    Western District of Arkansas.
                                        *
ConAgra Poultry Company,                *    [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: November 4, 2005
Filed: November 10, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Mickeal White appeals the district court's[1] adverse grant of summary judgment in his race-based discrimination lawsuit brought under Title VII, 42 U.S.C. § 1981, and state law. Having reviewed the record de novo, see Sallis v. Univ. of Minn., 408 F.3d 470, 474 (8th Cir. 2005) (8th Cir. 2005) (standard of review), we affirm.

_____

      [1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Assuming as did the district court that White established a prima facie case of a racially discriminatory suspension and termination, see Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (elements of prima facie case), petition for cert. filed, (U.S. June 13, 2005) (No. 05-9608), we agree with the district court that nothing in the record indicates the legitimate, nondiscriminatory reason for suspending and then terminating White--his insubordination--was pretextual, see Putnam v. Unity Health Sys., 348 F.3d 732, 736 (8th Cir. 2003) (this court has repeatedly held that insubordination is legitimate reason for termination). Likewise, we agree with the district court that White did not create any trialworthy issues on his hostile-work-environment claim, as the conduct he described was not sufficiently severe or pervasive to alter a term, condition, or privilege of his employment. See Gilooly v. Mo. Dep't of Health & Senior Servs., 421 F.3d 734, 738 (8th Cir. 2005).

Summary judgment was also properly granted on the failure-to-promote, denial-of-overtime, and retaliation claims. There was no evidence in the record that any Caucasian employee who was similarly situated to White was promoted to the technician position White claims he should have received. See Pope v. ESA Servs., Inc., 406 F.3d 1001, 1007 (8th Cir. 2005). Further, White failed to rebut defendant's evidence showing that the union had found no violation of the collective bargaining agreement overtime provisions, and that White had consistently been awarded more overtime than his Caucasian coworkers. Finally, White testified that he was retaliated against (by being denied overtime) for complaining about promotions, but he admitted he had made no complaints and filed no grievances about promotions, and thus he did not engage in the statutorily protected activity he claims was the impetus for the alleged retaliation. See Gilooly, 421 F.3d at 739 (elements of retaliation claim).

White's remaining arguments provide no basis for reversal. Accordingly, we affirm. See 8th Cir. R. 47B. We deny as moot appellee's motion to strike appellant's reply brief.